UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

H-D MICHIGAN, LLC, and
HARLEY-DAVIDSON MOTOR COMPANY, INC,

                            Plaintiffs,

      v.                                     7:09-cv-0197

SOVIE'S CYCLE SHOP, INC. d/b/a
SOVIE'S HARLEY-DAVIDSON,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiffs H-D Michigan, LLC ("HDM") and Harley-Davidson Motor Company, Inc. ("HDMC") brought the instant action asserting claims of trademark infringement, false designation of origin, unfair competition and trademark dilution pursuant to 15 U.S.C. §§ 1114(a), 1125(a), 1125(c), similar common law claims, and breach of contract. In its Answer Defendant Sovie's Cycle Shop, Inc. ("Sovie's") asserted counterclaims for breach of contract and violations of the New York Franchised Motor Vehicle Dealer Act, N.Y. Veh. & Traf. Law Art 17-A. Presently before the Court is Plaintiffs' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12 or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.

## I. FACTS

Plaintiff Harley-Davidson Motor Company, Inc. ("HDMC") and Defendant's Sovie's Cycle Shop, Inc. entered into a Harley-Davidson Motor Company Motorcycle Dealer Contract ("Dealer Contract") in December 2004.  On or about October 9, 2007, Sovie's received an overnight letter from HDMC indicating that they would be conducting a three year audit on the next day, October 10, 2007.  During the course of the audit, HDMC requested various documentation.  Sovie's provided the documentation that it had, but claimed that some of the records were unavailable because they had been water damaged.  On or about January 30, 2008, HDMC served a Notice of Termination of the Dealer Contract on Sovie's.  The termination was based on various claimed breaches of the Dealer Contract by Sovie's.  Specifically, HDMC alleged violations of paragraphs B.6, F.7, J.3, J.6, M.4(b), and M.6(b) of the Dealer Contract.

Sovie's refuted the allegations in the Notice of Termination.  Sovie's also requested a reasonable time to respond to the charges in the Notice of Termination and provide evidence demonstrating Sovie's compliance with the terms of the Dealer Contract.  Sovie's claims that it made an oral request to transfer the franchise, but that HDMC denied the request.

Thereafter, the parties entered into negotiations concerning the future of the franchise.  The parties entered into a series of agreements extending the applicable 120 day statute of limitations to file an action to review the threatened termination under N.Y. Veh. & Traf. Law §§ 463(2)(e) and 469.  The final agreement extended the filing deadline to January 15, 2009.  In accordance with the termination notice, the Dealer Contract expired on December 15, 2008.

In February 2009, Plaintiffs commenced the instant action asserting claims of trademark infringement, false designation of origin, unfair competition and trademark dilution pursuant to 15 U.S.C. §§ 1114(a), 1125(a), 1125(c), similar common law claims, and breach of contract. In its Answer, Sovie's asserted counterclaims for breach of contract and violations of the New York Franchised Motor Vehicle Dealer Act. Presently before the Court is Plaintiffs' motion to dismiss the counterclaims pursuant to Fed. R. Civ. P. 12 or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.

Because Plaintiffs noticed their motion as being made under Rule 12 and Rule 56, filed a statement of material facts applicable only to summary judgment motions, and submitted materials outside the pleadings, and because Defendant provided a responsive statement of material facts and also submitted materials outside the pleadings, which materials the Court is not excluding from consideration, the pending motion will be treated under the standard applicable to summary judgment motions. See Fed. R. Civ. P. 12(d).[1]

## II.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedures governs motions for summary judgment. It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to

---

[1] Although Defendant makes a passing statement in its memorandum of law that summary judgment is not appropriate because there has been no discovery, see Mem. of Law at p. 1, this is insufficient to satisfy the requirements of Rule 56(f). See New York State Teamsters Conference Pension and Retirement Fund v. Express Servs., Inc., 426 F.3d 640, 648 (2d Cir. 2005); Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 D.2d 566, 573 and 606 (2d Cir. 2005).

judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in her favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

With these standards in mind, the Court will address Plaintiffs' motion.

### III.     DISCUSSION

#### a.     Claims against Plaintiff HDM

Plaintiff HDM moves to dismiss the claims against it on the grounds that it is not a signatory to the Dealer Contract and is not a franchisor within the meaning of § 462(8). Because HDM is not a signatory to the Dealer Contract, it cannot be held liable for breach of contract. Similarly, because HDM is not a franchisor within the meaning of § 462(8), it is not

subject §§ 463(2)(e) or 463(2)(k). Accordingly, the claims against HDM must be DISMISSED.

### b. First Counterclaim

The First Counterclaim alleges that HDMC breached the Dealer Contract by terminating it without just cause. HDMC moves to dismiss on the grounds that: (1) it was under no obligation to negotiate with Sovie's rather than insist on termination; and (2) HDMC terminated the contract on notice to Sovie's and based on specific breaches of the Dealer Agreement by Sovie's. In its responsive papers, Sovie's does not address HDMC's arguments seeking dismissal of the first counterclaim.

While HDMC's assertions that it was under no obligation to negotiate a resolution with Sovie's and that it terminated the contract on notice to Sovie's appear to be correct, they do not warrant dismissal of the breach of contract claim.

The Dealer Contract provides several bases upon which it may be terminated prior to its natural expiration date. See Dealer Contract at §§ M(4), M(5), and M(6). In its notice of termination, HDMC asserted breaches of various provisions of the Dealer Contract, supported by specific allegations. Sovie's claims that HDMC inspected Sovie's business on one day's notice, Sovie's provided all available records, Sovie's was unable to produce all the requested documentation because some of the records had been damaged by water, Sovie's attempted to fully accommodate HDMC's requests for information, Sovie's refuted the claims in the notice of termination, and Sovie's "asked to have a reasonable time to respond to the charges and provide evidence showing the charges were not true." Sovie Aff. at ¶ 7. The Sovie affidavit further states that HDMC refused to allow Sovie's additional time to address

the charges, stated that Sovie's did not have a right to submit any additional evidence to HDMC, and that HDMC's agent responded that "it did not matter and Harley-Davidson would not let Sovies keep the franchise under any circumstance." Id.

Looking at the evidence in the light most favorable to Sovie's, the Sovie affidavit creates a genuine issue of material fact precluding the entry of summary judgment. The Sovie affidavit raises material issues concerning whether Sovie's committed the violations alleged in the January 30, 2008 notice of termination and, thus, whether HDMC breached the contract by wrongfully terminating it prior to the natural expiration date. Stated otherwise, HDMC may have breached the Dealer Contract by wrongfully terminating it if it refused to consider documentary evidence that was reasonably available to demonstrate Sovies' compliance with the terms of the Dealer Contract. Such conduct, if true, could run afoul of the implied covenant of good faith and fair dealing.[2] See Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc., 487 F.3d 89, 98-99 (2d Cir. 2007) (applying New York law); 511 West 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144, 153-54 (2002) (same); Tang v. C.A.R.S. Protection Plus, Inc., 301 Wis.2d 752, 781, 734 N.W.2d 169 (Wis. App. 2007) (applying Wisconsin law); Designer Direct, Inc. v. DeForest Redevelopmenet Authority, 313 F.3d 1036, 1047 (7th Cir. 2002) (same).[3] Accordingly, HDMC's motion to dismiss the breach of contract claim is DENIED.

---

[2] In its reply memorandum of law, HDMC "contends that Mr. Sovie's version of the facts concerning the HDMC audit is largely fictitious and has been submitted here in a bad-faith attempt to prolong these proceedings." Reply Mem. of Law at 10. Affidavits submitted in bad faith are subject to the sanctions set forth in Fed. R. Civ. P. 56(g). HDMC submitted no evidence controverting the allegations in Mr. Sovie's affidavit. There is no evidence before the Court suggesting that Mr. Sovie's affidavit is untrue or was submitted in bad faith. At this time, the unopposed allegations in Mr. Sovie's affidavit are sufficient to create a triable issue of fact concerning whether HDMC breached the Dealer Contract.

[3] The Dealer Contract has a choice of law provision calling for the application of Wisconsin law.

### c. Second Counterclaim

HDMC moves to dismiss the second counterclaim on the ground that it is time-barred. Pursuant to N.Y. Veh. & Traf. Law § 463(2)(e) as it existed prior to January 1, 2009,

> [a]ny franchised motor vehicle dealer who receives a written notice of termination . . . may, within one hundred twenty days of receipt of such notice, have a review of . . . the threatened termination . . . by instituting an action in a court of competent jurisdiction as provided in section four hundred sixty-nine of this article.

This provisions creates a 120 day statute of limitations. See e.g. Bevilacque v. Ford Motor Co., 199 A.D.2d 359, 361-62 (2d Dep't 1993). Sovie's concedes that it received written notice of termination on or about January 30, 2008. Sovie's also concedes that the parties entered into a series of agreements that served to extend the statute of limitations period to January 15, 2009. The instant action was not commenced until February 2009, long after the 120 day period expired and after the January 15, 2009 deadline agreed to by the parties.[4]

Section 463 of the Vehicle and Traffic Law was amended effective January 1, 2009. As is relevant hereto, § 463(2)(e) was amended to read as follows:

> Any franchised motor vehicle dealer who receives a written notice of termination . . . may have a review of the . . . threatened termination by instituting an action, as provided in section four hundred sixty-nine of this article. If such action is commenced within four months of receipt of notice, such action shall serve to stay, without bond, the proposed termination or renovation or demand to change the place of business until the final judgment has been rendered in an adjudicatory proceeding or action, as provided in section four hundred sixty-nine of this article.

The amended version further provides that "[t]he franchisor shall provide notification in writing to the dealer that the dealer has one hundred eighty days to correct dealer sales and service performance deficiencies or breaches. . . ."

---

[4] This analysis gives Defendant the benefit of the doubt by assuming that its counterclaims relate back to the filing of Plaintiff's complaint.

While the new statute tends to muddy the applicable statute of limitations, it does not alter it. The new statute merely provides that, upon commencement of litigation within the four month statute of limitations, the proposed termination is automatically stayed pending the result of the litigation.[5] The new 180 day right-to-cure provision is inapplicable here because HDMC provided notice of termination long before the effective date of the new legislation and there is no indication the legislation was intended to apply retroactively. See *supra* at n. 5. Accordingly, the second counterclaim must be DISMISSED.

### d.     Third Counterclaim

The Third Counterclaim asserts a violation of § 463(2)(k) because HDMC failed to approve Sovie's request to transfer its dealership. Sovie's contends that, on January 30, 2008, it inquired whether the franchise could be transferred to John Sovie's wife and children. Sovie Aff. at ¶ 7. According to John Sovie, HDMC's representatives responded that "there was no possibility that Harley Davidson would allow him to transfer the dealership to his family. . . ." Id. "Later in 2008," John Sovie spoke with another of HDMC's representatives concerning transferring the franchise. The representative "got back to" John Sovie and advised that "Harley-Davidson would not agree to transfer" the franchise. Id. at ¶ 9.

Pursuant to § 463(2)(k), a franchisor may not unreasonably withhold consent to the transfer of a franchise. The statute further provides that:

---

[5] In any event, inasmuch as the termination letter was issued in January 2008, which is prior to the effective date of the above-referenced amendments, those amendments are not applicable hereto. See Subaru Distributors Corp. v. Subaru of Am., Inc., 47 F. Supp.2d 451, 459 n.3; see also State ex rel. Spitzer v. Daicel Chemical Industries, Ltd., 42 A.D.3d 301, 302 (1s Dep't 2007) ("[A] statute is construed as prospective only absent a clear expression of an intent that it be retroactive.").

> If such consent to . . . transfer shall be withheld by the franchisor, the franchisor shall provide specific reasons for its withholding of consent within sixty days of receipt of the request for such consent provided such request is accompanied by proper documentation as may reasonably be required by the franchisor.  Upon receipt of notice and reasons for the franchisor's withholding of consent, the franchised motor vehicle dealer may within one hundred twenty days have a review of the manufacturer's decision . . . .

The Dealer Contract provides that the "Dealer shall give Seller prior written notice and complete explanation of any proposed transfer, sale or other change in ownership . . . no matter what the share or relationship between the parties. . . ." Dealer Contract at p. 13.  It is undisputed here that Sovie's never made a written request to transfer the franchise.  See Pl's Stmnt. of Material Facts at ¶ 5; Def.'s Stmnt. of Material Facts at ¶ 1.  Because Sovie's never submitted a written request, together with supporting documentation, HDMC did not violate § 463(2)(k).  HDMC cannot be said to have unreasonably withheld consent where it never received a proper request to transfer the franchise.

Further, it was not unreasonable for HDMC to refuse a transfer request where, as here, the oral transfer request was made *after* the franchise was already the subject of a termination notice.  The most Sovie's had to transfer was a franchise subject to the notice of termination.  See Chic Miller's Chevrolet, Inc. v. General Motors Corp., 352 F. Supp.2d 251, 258 (D. Conn. 2005); Re: Authorized Foreign Car Specialists of Westfield, Inc. v. Jaguar Cars, Inc., 1997 WL 33812275, at *5 (D. N.J. 1997), aff'd, 172 F.3d 859 (2d Cir. 1998).  The franchise originally was to terminate on April 29, 2008 (90 days after the January 30, 2008 notice of termination).  Taking into consideration the parties' various agreements, the termination ultimately became effective on December 15, 2008.  It is not unreasonable to refuse to approve the transfer of a franchise that is in the process of being terminated.

For the foregoing reasons, the third counterclaim must be DISMISSED.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.  HDMC's motion to dismiss the Second, Third, and Fourth Counterclaims[6] is GRANTED.  Plaintiff HDM's motion to dismiss all the Counterclaims against it is GRANTED. In all other respects, the motion is DENIED.

IT IS SO ORDERED.

Dated: June 18, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[6] The Fourth Counterclaim is not a claim, but a request for a preliminary injunction.  Defendant remains free to seek any appropriate equitable relief.